JAMES L. GANDY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law:** PERJURY. In an information for perjury, it is sufficient to charge generally, that the false testimony was in respect to a matter material in the action in which it is given. *Dilcher v. State,* 39 O. St., 130.

2. ———: ———: EVIDENCE. Perjury may be assigned on false swearing on the fact in issue in an action, or to any circumstance which tends to prove, or does prove, such fact; hence, where A instituted an action of forcible entry and detainer against B, for the possession of certain real estate, and where it was sought to be shown by B that he held possession under C, by virtue of a lease executed to C by the owner of the land, the testimony of C that such lease had been executed to him, but that the original had been lost, and that the paper presented and identified by him was a copy of such original lease—this, if false, would support an assignment for perjury, even though it was not necessary, in order to its validity, that the lease should be in writing.

3. ———: ———: ———: INSTRUCTIONS TO JURY. In a prosecution for perjury, where the perjury assigned was, that the accused had falsely testified that the owner of certain real estate had executed to him a written lease therefor, that the lease had been lost, but that the copy presented by him was a correct copy of such written lease, it was error for the trial court to instruct the jury that, if they found that the accused testified under oath that the paper described in the information was a copy of a lease executed to him, that said testimony was material, if relied on as a fact, and that if the jury believed beyond a reasonable doubt that said testimony was false, and corruptly given, they should convict the accused, for the reason that the instructions would tend to limit the inquiry of the jury. as to whether the copy described in the testimony was a correct copy of the alleged original lease, instead of directing their inquiry to the truth or falsity of the whole testimony given by the accused upon the perjury so assigned; also for the reason that the phrase occurring in the instruction, "if relied on as a fact," rendered the instruction ambiguous and liable to mislead the jury.

4. ———: ———: EVIDENCE ON PART OF STATE. In a prosecution for perjury the prosecutor must prove the substance of the

whole of what is set out in the information as having been sworn to by the accused; and the assignment of perjury must be proved substantially as laid in the information. .

5. ———: ———: ———: In a prosecution for perjury the falsity of the testimony or oath of the accused, upon which the perjury is assigned, cannot be established by the testimony of one witness alone. It may be proved by the testimony of one reliable witness, and such corroborative facts and circumstances as will give a clear preponderance of the evidence in favor of the state if such preponderance excludes all reasonable doubt of the guilt of the accused. Such corroborative facts or circumstances ought, at least, to equal the testimony of a single witness.

6. ———: ———: INSTRUCTIONS TO JURY. In a prosecution for perjury it is error for the district court, in instructing the jury, to copy Sec. 155 of the criminal code, and inform the jury that the section copied indicates to them clearly what is necessary and material to be proven in the case then on trial, without further instructing the jury as to what are the material allegations of the information and what facts are necessary to be established before they can convict.

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*Isham Reavis, E. W. Thomas,* and *A. R. Scott,* for plaintiff in error, on instruction No. 2, given by court at request of prosecutor, cited: *State v. Woolverton,* 8 Blackf., 453. *Plath v. Braunsdorff,* 40 Wis., 107. *Beecher v. Anderson,* 45 Mich., 544. *State v. Schultz,* 57 Ind., 19. *State v. Frisby,* 90 Mo., 530. *State v. Mumford,* 1 Dev., 519. *Donohoe v. State,* 14 Texas Ct. App., 643. Contended that Gandy's testimony before justice was not material to that action; that under the facts of that case justice had no jurisdiction, and where there is no jurisdiction there can be no perjury. 3 Crim. Law Mag., 475. Maxwell, J., in 22 Cent. Law Jour., 293. *Owen v. Doty,* 27 Cal., 502. *Emsley v. Bennett,* 37 Iowa, 17. *McCartney v. McMullen,* 38 Ill., 238. On insufficiency of evidence, cited: 2 Whart. Crim. Law, Sec. 1319. Roscoe Cr. Ev., 766. Maxwell Crim. Proc., 412. *Hernandez v. State,* 18

Tex. Ct. App., 150.   On insufficiency of complaint, cited :
*State v. Holden,* 48 Mo., 93.   Roscoe Crim. Ev., 760.
*People v. Collier,* 1 Mich., 137.

*John L. Webster,* on same side.

Information bad.    *State v. Marshall,* 47 Mo., 381.
*State v. Kerl,* 54 Id., 185.   Judge should have told jury
what facts were material.   *Nelson v. State,* 32 Ark., 193.
*Cothran v. State,* 39 Miss., 541.   *Donohoe v. State,* 14
Tex. App., 638.   All false charges should have proven
false.   *State v. Frisby,* 90 Mo., 530.   Amount of evidence
necessary to convict.   *State v. Raymond,* 20 Iowa, 587.
*State v. Buie,* 43 Tex., 532.    *Com. v. Parker,* 2 Cush., 213.

*William Leese, Attorney General, Edwin Falloon, County
Attorney, R. S. Maloney, Jr., Frank Martin,* and *E. A.
Tucker,* for defendant in error.

Information is good.    Max. Crim. Proc., 408.    *People
v. Brilliant,* 68 Cal., 214.   3 Greenleaf Ev., 197.   Bishop
Forms, Sec. 875, note 6.    Instructions.   *Dilcher v. State,*
39 Ohio State, 130.    2 Russell Crimes, 12.    2 Bishop
Cr. Law (7th Ed.), Sec. 1036.   *Steinman v. Mc Williams,*
6 Penn. State, 170.   *Davis v. Wilson,* 11 Kan., 74.   *Cru-
sen v. State,* 10 Ohio State, 258.    *Galloway v. State,* 29
Ind., 449.    Evidence, and jurisdiction of justice.    *Fried-
hoff v. Smith,* 13 Neb., 5.    *Heldt v. State,* 20 Neb., 492.
*Whiting v. Ohlert,* 18 N. W. R., 219.    *Price v. Olds,* 9
Kan., 66.

REESE, CH. J.

On the 17th day of October, 1887, and during the Octo-
ber term of the district court of Richardson county, an
information was filed against plaintiff in error, charging
him with the crime of perjury.   He was put upon his trial,
which resulted in a verdict of guilty.   Motions for a new

trial and in arrest of judgment were filed, both of which being overruled, he was sentenced. He now alleges error in the proceedings in the district court, and brings the cause to this court for review.

It is insisted, among other things, that the motion in arrest of judgment should have been sustained, for the reason that the information is fatally defective, and charges no crime against plaintiff in error. We will first notice this contention, as it attacks the first proceeding in the case. The information consists of two counts, which are substantially the same. For the purpose of disposing of the question here presented, we copy the first count of the information. It is as follows:

"STATE OF NEBRASKA, ⎱ *ss.*
  RICHARDSON COUNTY. ⎰

"Of the October term of the district court of Richardson county, in the state of Nebraska, in the year of our Lord one thousand eight hundred and eighty-seven, Edwin Falloon, county attorney for said county of Richardson, in the name, by the authority, and on behalf of the said state of Nebraska, information makes that James L. Gandy, on the eighth day of April, in the year 'of our' (Lord), "one thousand eight hundred and eighty-seven, in said county, in a certain action for the forcible entry and detention of certain real estate, pending in the justice court, before Garret Minor, a justice of the peace within and for said county, wherein Daniel H. Maxson was plaintiff, and Samuel Powell was defendant, the said James L. Gandy did then and there appear as a witness for and on behalf of said Samuel Powell, the said defendant in said action in said court, before said Garret Minor, who, as justice of the peace as aforesaid, had full power and jurisdiction to hear, try, and determine said action, and while the said Garret Minor, as justice of the peace aforesaid, was hearing and trying said action, the said James L. Gandy, being then and there duly sworn by said Garret Minor, justice of the peace aforesaid, and duly empowered and authorized by law to

administer oaths, he, the said James L. Gandy, did then and there, in a matter material to said action, willfully, falsely, corruptly, and feloniously depose and declare under oath certain matters in regard to said action, in substance and effect as follows, to-wit:

"That one J. M. Thayer [meaning John M. Thayer] did, on the fourth day of February, 1887, in Oberlin, Kansas, execute to J. L. Gandy [meaning James L. Gandy] a lease for the south-east quarter of the south-east quarter of section five, and the south-west quarter of the south-west quarter of section four, all of said land being in township two and range thirteen in said county; that said lease was delivered to John H. Beery on said fourth day of February, and retained by said John H. Beery until the twenty-first day of March, 1887; that on said twenty-first day of March said John H. Beery delivered to said James L. Gandy said lease; that on the second day of April, 1887, he, the said James L. Gandy, wrote a true and correct copy of said lease, and then delivered said original lease to said Samuel Powell, and that said Samuel Powell had lost said original lease, and that the following, which was then and there introduced in evidence in said action, is said copy of said original lease, to-wit:

"'Humboldt, Nebraska, February 4, 1887. For and in consideration of the sum of two hundred and seventy-five dollars, I [meaning said John M. Thayer] hereby lease unto J. L. Gandy [meaning said James L. Gandy] the farm I [meaning said John M. Thayer] live on, S. E. ¼ S.E. ¼ Sec. five, and S.W. ¼ S.W. ¼ Sec. four, town two, range (13) [meaning the south-east quarter of the south-east quarter of section five, and the south-west quarter of the south-west quarter of section four, all of said land being in township two and range thirteen in said county], for the crop season ending December first, 1887.

"'J. M. THAYER

[meaning John M. Thayer].

"' Witness, John Marshall.'

"Whereas, in truth and in fact, said John M. Thayer did not, on said fourth day of February, or at any other time, in said Oberlin, or any other place, execute a lease for said land to said James L. Gandy, nor was said lease delivered to said John H. Beery on said fourth day of February, or at any other time, and retained by said John H. Beery until said twenty-first day of March, or for any period of time; nor did said John H. Beery deliver to said James L. Gandy said lease on said twenty-first day of March, or at any time; nor did said James L. Gandy, on the said second day of April, or at any other time, write a true and correct copy, or any copy, of said lease; nor did said James L. Gandy, on said second day of April, or at any other time, deliver said original lease to said Samuel Powell; nor did said Samuel Powell ever have the possession of, or lose, said original lease; nor did said John Marshall ever witness said original lease; nor is said pretended copy of said original lease a true copy of any lease whatever; nor did the so-called original lease ever have any existence, he, the said James L. Gandy, then and there well knowing the said matters so as aforesaid by him deposed and declared to be true then and there to be false, and the said James L. Gandy did, then and there, and thereby, falsely, willfully, corruptly, and feloniously commit willful and corrupt perjury, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska.

"EDWIN FALLOON,<br>" County Attorney."

The principal objection to this count is, that there is not a sufficient allegation of the materiality of the testimony given by plaintiff in error in the trial before justice of the peace, Minor. The allegation of the complaint is, that the testimony was given "in a matter material to said action." It is insisted that the materiality should appear from facts set forth in the complaint, and it is not

sufficient simply to say that it was material to the issues involved in that case, without advising the court what those issues were, or what questions arose under them. By an examination of the information, it will be observed that the testimony was alleged to have been given in an action for the forcible entry and detention of certain real estate, pending in a justice's court, before the justice of the peace referred to, wherein Daniel H. Maxson was plaintiff, and Samuel Powell was defendant, and that plaintiff in error appeared in that trial as a witness on behalf of Powell, and testified as alleged in the information. It is quite probable that there is sufficient alleged in the complaint to meet the requirements of the authorities cited by plaintiff in error, but without discussing that question, we think it must be held sufficient to charge generally that the false testimony was given in respect to a matter material in the action in which it was given.

The information in this case substantially follows the indictment in the case of *Dilcher v. State*, 39 O. St., 130. And the indictment in that case was held to be sufficient.

In *Williams v. State*, 68 Ala., 551, it was held that, in an indictment for perjury, no special averment of the materiality of the false oath or evidence was necessary. Nor was it necessary to indicate how it was or became material, a general averment of materiality being held sufficient. See also Maxwell's Criminal Procedure, 408–9, and *People v. Brilliant*, 58 Cal., 214. Therefore we think that the information was sufficient, so far as this question is concerned.

It is next contended that the information is defective, in not showing that the justice of the peace had jurisdiction of the case of forcible entry and detention, and that it does not appear that the land was situated in Richardson county. The real estate concerning which the alleged false testimony was given is particularly described in the information, as well as the general allegation, that said land was within

Richardson county. The only question that could be urged here, we think, is, whether or not the information shows that the real estate described as being that upon which the lease was given was the same real estate involved in the trial before Justice Minor. In our opinion, this is sufficiently shown, although not as specifically as might be desirable. Yet, it is alleged, in general terms, that the justice of the peace referred to had full power and jurisdiction to hear and determine said action. This was a sufficient compliance with Sec. 422 of the criminal code. We therefore hold that the jurisdiction of the court sufficiently appears in the information.

An analysis of this information may be said to present the following allegations as to the particular perjury assigned, to-wit: That plaintiff in error testified upon such trial, *First*, That on the 4th day of February, 1887, in Oberlin, Kansas, John M. Thayer made the lease referred to, to plaintiff in error. *Second*, That the lease was delivered to Beery, and retained by him until the 21st of March, of the same year. *Third*, That on that day Beery delivered the same to plaintiff in error. *Fourth*, That on the 2d day of April, 1887, plaintiff in error made a copy thereof. *Fifth*, That he delivered the original to Samuel Powell. *Sixth*, That Powell had lost it. *Seventh*, That the writing introduced in evidence upon the trial before the justice was a copy of the original lease.

It is also averred, *First*, That J. M. Thayer did not, on February 4th, or at any other time or place, execute a lease to plaintiff in error. *Second*, That no such lease was delivered to Beery on February 4th, or at any other time. *Third*, That Beery did not, on March 21st, or at any other time, deliver such lease to plaintiff in error. *Fourth*, That plaintiff in error did not, on the 2d day of April, or at any other time, write a copy of such lease. *Fifth*, That he did not deliver the original to Powell, as testified to by him. *Sixth*, That Powell never had the possession of such

lease, and therefore did not lose it.    *Seventh,* That said pretended copy was not a copy of any lease executed by Thayer.    *Eighth,* That said so-called original lease never was made, and therefore never existed.

It is now insisted that if the information alleges any crime whatever, it charges in substance that plaintiff in error falsely testified that Thayer had given him a written lease for the land, for the crop season of 1887; that it was not necessary that such lease should have been in writing, a parol lease being good for a year, or a shorter period, and consequently it could not have been material whether the paper mentioned was a true copy of the lease or not; hence no assignment for perjury could be made upon such immaterial testimony.

As we view the case, we think it sufficiently alleged in the information that, upon the trial before Justice Minor, it was shown that Powell had possession of the premises in question, under plaintiff in error, as his tenant.    In order to establish his right to the possession, it was necessary to prove that Thayer had leased the premises to plaintiff, and that he had sublet the same, or, at least upon his procurement, Powell had taken possession under him.    While it is true, it might have been as effective for the defendant in that suit to prove a verbal lease, and possession thereunder, yet that was not the case sought to be made by him. It was, in effect, that the real estate had been leased to plaintiff in error, and therefore his possession was not wrongful, nor would that issue arise if a copy of a written lease was presented with the alleged testimony of plaintiff in error that the copy referred to was a copy of a genuine lease, executed to him by Thayer.    These facts, if true, would, perhaps, establish his rights to the possession of the property.    If false, it would be sufficient upon which to base a prosecution for perjury.    These objections, we think, cannot be sustained.

It is also insisted that there was not sufficient proof of

the falsity of the testimony of plaintiff in error, as given upon that trial. As a new trial will have to be granted, and the testimony will not necessarily be the same as upon the first trial, we will express no opinion upon that subject.

Objection is made to certain instructions given to the jury by the trial court, which we will notice. Instruction number two, given upon the motion of the county attorney, is as follows:

"The jury are instructed that if they believe from the evidence, beyond a reasonable doubt, that the defendant, James L. Gandy, on the eighth day of April, 1887, in the county of Richardson and state of Nebraska, in the trial of the case of Daniel H. Maxson against Samuel Powell, before Garret Minor, a justice of the peace in and for said county, testified under oath that the paper described in the information was a copy of a lease executed to said defendant, James L. Gandy, by John M. Thayer, they are instructed that said testimony was material if relied on as a fact; and if the jury further believe from the evidence, beyond a reasonable doubt, that said testimony was false, and that said defendant, Gandy, willfully, corruptly, and feloniously gave it, as aforesaid, well knowing the testimony to be false, it is the duty of the jury to find the defendant guilty."

By this instruction the jury are informed that, if plaintiff in error, upon the trial referred to, testified "under oath that the paper described in the information was a copy of a lease executed to him by Thayer, * * * * * * * that said testimony was material if relied on as a fact," and that if said testimony was falsely and corruptly given, it was the duty of the jury to find the defendant guilty. This instruction seeks to cover a case upon which a verdict of guilty should be returned. By it the jury are limited to the inquiry as to whether the paper testified to was a copy of a lease executed to plaintiff

in error, by Thayer. The essential question in the trial before the justice of the peace was not whether the paper identified was a true copy, but whether Thayer had, in fact, executed to plaintiff in error a lease, of which the writing referred to was a copy.

The theory of the prosecution was, that plaintiff in error testified on that trial falsely that Thayer had executed the lease to him, but that the original had been lost; that this testimony as to the loss of the original was simply a subterfuge, in order to procure the admission of the copy in evidence; that it was necessary that the copy should be used instead of an original, for the reason that if a writing had been presented and identified by plaintiff in error as an original lease, the question of the genuineness of the signature of Thayer, or of the mutilation of any other paper executed by him, would be one which could then be investigated, but proving the loss of the original and the identity of the copy, this inquiry could not arise. The instruction was too narrow. It limited the investigation of the jury to the question of the correctness of the copy, rather than to the alleged falsity of the testimony of plaintiff in error upon the real issue involved in that trial.

Again, it is said that such testimony would be material "if relied on as a fact." The instruction is somewhat ambiguous in this particular. Whether being relied on by plaintiff in error in that trial, or by the court, or by any other person, would render it material, the jury were not informed. It is insisted by defendant in error that this phrase could not be prejudicial to plaintiff in error, as it cast an additional burden upon the state, not only to prove the falsity of the testimony, but that it was relied upon. Ordinarily the instruction might not, in this particular, require the reversal of the case; but when we see that the jury are instructed that, if they find that plaintiff in error testified that the paper referred to was a copy of a lease, and that that testimony was material if relied on as a fact,

Gandy v. State.

and if false and given corruptly, the jury should find the plaintiff in error guilty, it will be seen at once that the instruction not only might have been, but probably was, misleading.

It is insisted by the state that this instruction should be read in connection with the other instructions given, and, therefore, if the instructions taken as a whole are correct, the judgment should not be reversed. This contention cannot be sustained. It has been decided by this court too often to need citation of cases, that the giving of a bad instruction cannot be cured by giving other correct instructions upon the same point. This must apply to the instruction under consideration, with all its force, as by its terms it substantially excludes every other consideration than those mentioned therein, and the jury are directed that, in case they find against plaintiff in error upon the matters presented therein, it was their duty to find him guilty.

Again, the instruction is open to criticism for the reason that it improperly limits the inquiry of the jury. In a prosecution for perjury, it is necessary for the state to prove, in substance, the whole of what is set out in the particular assignment as having been sworn to by the accused, and that the testimony was false and corruptly given. *State v. Frisby*, 90 Mo., 530. *State v. Mumford*, 1 Dev. (N. C.), 619. *Gabrielsky v. State*, 13 Tex. Ct. App., 428. *Donohoe v. State*, 14 Id., 643. *State v. Mace*, 76 Me., 64.

The second and third instructions, given by the court upon its own motion, are as follows:

"2d, The court further instructs you, that the law of this state is, that if any person having taken a lawful oath or made lawful affirmation in any judicial proceeding, or in any other matter where by law an oath or affirmation is required, shall, upon such oath or affirmation, willfully and corruptly depose, affirm, or declare any matter to be fact, knowing same to be false, or shall in like manner

deny any matter to be false, knowing the same to be true, every person so offending shall be deemed guilty of perjury.

"3d, The above instruction indicates clearly to the jury what is necessary and material to be proven in this case."

Objection is made to these instructions, for the reason that they do not clearly state to the jury what the material issues in the case are. It seems from the *third* instruction that the court considered the giving of the *second* a sufficient instruction as to what the issues were, and as to what is material to be proven in the case. These would permit the jury to take the section quoted [155 of the criminal code] and arrive at their own conclusion as to what was "necessary and material to be proven," etc. These instructions, when applied to instruction number *two*, given upon the prayer of the state, would naturally direct the attention of the jury to that instruction, and lead them to base their verdict thereon. It was the duty of the court, not only to give the section of the statute, in substance, but also to instruct the jury what the material averments of the information were, and what particular inquiry or inquiries were submitted to them. We are unable to see that the *second* instruction could indicate, in any way, what was material to be proven. This defect could not have been remedied by instructions presented on the part of plaintiff in error, informing them what was material to be proven, for the reason that the *third* instruction cuts off all inquiry into that matter. It directs the jury to the language of the statute, which is general in its terms, and could afford them no light.

Of the instructions given by the court, upon its own motion, we here copy number *seven*, to-wit: "7. The court further instructs the jury, that as to each and all the material averments in the information, except the allegation of the falsity of the testimony therein stated and set forth, they may be proved by the testimony of one witness alone;

provided the jury are satisfied beyond a reasonable doubt of the truth thereof by the testimony of such witness; and as regards proving the falsity of such testimony, the court instructs the jury that while that fact cannot be established by the testimony of one witness alone, it is not absolutely necessary that it be established by the testimony of two witnesses; it may be proved by the testimony of one witness, and other corroborating facts or circumstances corroborating such witness, provided the jury are satisfied beyond a reasonable doubt, from the testimony of such witness and such corroborating facts and circumstances, that such testimony was false in fact."

Plaintiff in error presented and prayed the giving of instruction *three* of those presented by him, which is as follows:

"The jury are instructed that, in this case, the testimony of a single witness is not sufficient to negative the alleged false oath charged to have been taken by defendant. There must be either two witnesses to prove such falsity, or one witness testifying to such falsity, with material and independently established corroborative facts sufficient to amount to the testimony of another witness."

It is now contended that the court erred in refusing to give the instructions prayed for, as well as in giving the one submitted to the jury.

While instruction *seven*, given by the court, may be said to be substantially correct, yet we think it open to the criticism that the jury were not sufficiently instructed as to the character of the corroborating facts and circumstances proven. If it can be said that the corroborative evidence, in addition to the testimony of one reliable witness, need not be of sufficient force to equal the positive testimony of another witness, yet it must be such as will give a clear preponderance of the evidence in favor of the state, and, in view of such preponderance, establishes the falsity of the oath, on which the perjury is assigned, beyond a reason-

29

able doubt.   The jury were told that the falsity of the oath might be proven by the testimony of one witness, and other corroborative facts and circumstances corroborating such witness, provided the jury were satisfied beyond a reasonable doubt.   In any view of the case they should have been instructed that the corroborating facts and circumstances must be such as to give a clear preponderance of the evidence in favor of the state upon that issue.

Upon this point, Judge Maxwell, in his work on Criminal Procedure, at page 412, says:  "Corroborative evidence, in cases where more than one witness is required, must not only show that the testimony of the accused was probably false, but it must reach that degree of certainty that excludes reasonable doubt.   There is no reason why the same certainty of guilt should not be required in perjury as in other crimes.   If, therefore, the oath of the accused is met by a single oath, the corroborating circumstances ought at least to equal the testimony of a single witness; the lowest quantity of testimony it has been said upon which a human being can be found guilty."

This, perhaps, is the better and safer rule.   It does not require the testimony of two witnesses to the same fact, but it does require that the proof of the corroborative facts shall be such as to give a clear preponderance of the evidence in favor of the state, and thus, by such preponderance, establish the falsity of the oath, beyond a reasonable doubt.   In view of the instruction given by the court, the instruction asked by plaintiff in error should have been given.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.