STATE OF NEBRASKA, APPELLEE, v. TERRY SMITH,
APPELLANT.

277 N. W. 2d 441

Filed April 10, 1979. No. 42276.

William R. Reinsch, for appellant.

Ronald D. Moravec, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

A 1976 Honda automobile was stolen while parked on the street in Union, Nebraska, on January 20 or 21, 1978. On January 22, 1978, the automobile was involved in a collision in Omaha, Nebraska. The Omaha police, while investigating the accident which is described in the record as a "hit-run," came upon the defendant, Terry Smith, Randy Rettele, and Katherine Kangar in the vicinity of the accident. The officers took their names and addresses and then took them home.

On January 24, 1978, the defendant and Rettele were asked to come to the police station in Omaha. At the station they were interviewed by an officer and admitted that they had taken the automobile in Union and were driving around Omaha when the accident occurred. They were detained at the police station until two deputy sheriffs from Cass County took them into custody and took them to Plattsmouth. They were interviewed at the sheriff's of-

fice in Plattsmouth and a similar statement was obtained.

A complaint was filed in the county court of Cass County charging the defendant with automobile theft. The defendant was 15 years of age at the time of the offense, and on his motion, the proceeding was transferred to the juvenile court. After trial the defendant was found to have violated the statute against the taking of an automobile for wrongful use and to be delinquent as described in section 43-201 (3), R. R. S. 1943. The defendant was placed on probation for a period of 1 year, fined $25, and ordered to make restitution. Upon appeal to the District Court the judgment was affirmed.

The defendant has appealed and contends that the evidence was insufficient to support the judgment, that the venue for the offense was not in Cass County, Nebraska, and that the statements made to the Omaha police and the Cass County deputy sheriff should have been suppressed.

The defendant's evidence consisted of alibi testimony. The defendant's cousin, Richard Hatfield, testified that on the evening the car was stolen he was with Randy Rettele and Jerry Smith, an older brother of the defendant who had been committed to the Youth Development Center at Kearney, Nebraska; that he left Jerry and Randy at Union, Nebraska, at about 11:30 p.m., and returned to Omaha by himself; that earlier that day the defendant had told this witness that the defendant planned to spend the evening with his girlfriend; and that the witness did not see the defendant again that evening after the conversation.

The defendant's mother testified that the defendant was in the company of his girlfriend, Sherry, on the evening that the car was stolen and was home by 12:30 a.m.; and that she believed the defendant was scared of the police and would say whatever the police wanted him to say.

The evidence of the State, if believed, was clearly sufficient to support a finding beyond a reasonable doubt that the defendant was guilty of taking an automobile in Cass County, Nebraska, for wrongful use. The parties stipulated that the owner, if called, would testify as to the taking that occurred in Cass County. A deputy sheriff of Cass County also testified concerning the taking of the automobile and his investigation of the matter. The defendant and Rettele were discovered near the scene of the accident early in the morning and there was no one else in the vicinity. Katherine Kangar testified that she rode around in the stolen automobile with the defendant and Rettele for 3 or 4 hours on January 21, 1978; that the defendant was driving at the time the automobile collided with a building; and that they abandoned the automobile and ran from the scene of the accident but were stopped by the police.

Prior to trial the defendant moved to suppress the statements given to the Omaha police and the Cass County sheriff's office. The county judge suppressed the statement given to the Omaha police but admitted the statement given to the deputy sheriff. Upon appeal the District Court held that both statements were admissible.

The defendant had not been formally arrested at the time he was interviewed at the Omaha police station, but the investigation had focused upon him and Rettele. The defendant was advised of his rights under Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and consented to giving a statement. There was no counsel present and his parents were not there. Before taking the statement the police officer stated that if the defendant cooperated with the police he would attempt to have the matter transferred to juvenile court. This was an inducement which under the circumstances of this case rendered the statement involuntary. In State v. McDonald, 195 Neb. 625, 240 N. W. 2d 8

(1976), we stated: "To be admissible, a statement or confession must be free and voluntary. It must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence."

Determination of the voluntariness of a confession must rest on the circumstances of each particular case. Here, "age and mental condition of the defendant, the role of the defendant's parents, and other factors are merely circumstances to consider in regard to the question of whether a minor's confession is knowing, intelligent, and voluntary." State v. Stewart, 197 Neb. 497, at p. 506, 250 N. W. 2d 849 (1977). See, also, State v. McDonald, *supra.*

Terry Smith was 15 years old and was attending ninth grade at the time. He did not speak to his parents and did not ask to see an attorney before making his initial statement to the Omaha police. These factors do not mandate a finding that his confession was involuntary, but they must be considered in assessing the impact of the interrogator's statements upon the defendant's will. The offer to try to have the case transferred to juvenile court was an inducement to confess in exchange for leniency. The interrogating officer stated it was intended as such and Rettele testified that he accepted it on that basis. In this light, the defendant's statement to the Omaha police was given in the hope of receiving some benefit in return and was inadmissible.

The second statement was given to the Cass County sheriff's office shortly after the statement in Omaha. The interrogating officer knew that the defendant and Rettele had given a statement to the Omaha police admitting they had taken the automobile. The deputy sheriff asked them if they had made a statement to the Omaha police and they admitted they had made an oral statement.

Although there was no inducement for the second

statement, under the circumstances of this case we believe it also was inadmissible. "Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always must be looked upon as fruit of the first." United States v. Bayer, 331 U. S. 532, at p. 540, 67 S. Ct. 1394, at p. 1398, 91 L. Ed. 1654 (1947); Harrison v. United States, 392 U. S. 219, at p. 226, n. 14, 88 S. Ct. 2008, 20 L. Ed. 2d 1047 (1967); People v. McClary, 20 Cal. 3d 218, 142 Cal. Rptr. 163, 571 P. 2d 620 (1977).

Even though the State's evidence was clearly sufficient to sustain the finding of guilt, the admission of the statements at trial requires that the judgment be reversed and the cause remanded for a new trial. State v. Longmore, 178 Neb. 509, 134 N. W. 2d 66 (1965); Gallegos v. Nebraska, 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 86 (1951); Cook, Trial Rights, § 99, p. 367 (1974); Annotation, 31 L. Ed. 2d 921, at pp. 930-34 (1973).

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.