STATE OF NEBRASKA, APPELLANT, V.
GLEN MUENCHAU AND JOHN D. BROWN, APPELLEES.

308 N.W.2d 824

Filed July 24, 1981. No. 44332.

Ronald D. Moravec, Cass County Attorney, for appellant.

Roger S. Brink for appellee Brown.

No appearance for appellee Muenchau.

Heard before BOSLAUGH, J.

BOSLAUGH, J.

The State appeals from an order of the District Court of Cass County, Nebraska, suppressing statements made by the appellee Brown to a Lancaster County sheriff's deputy.

An information was filed in the District Court of Cass County alleging the appellee and Glen Muenchau had committed arson by burning a vacant farmhouse near Alvo, Nebraska. Appellee then moved to suppress the statements he had given to the deputy sheriff. After an evidentiary hearing, the trial court granted the suppression motion.

The record of the suppression hearing shows that during late 1980, the Lancaster County sheriff's office and the State Fire Marshal's office were investigating fires of suspicious origin in Lancaster and Cass Counties. Their investigation prompted Lancaster County Deputy Sheriff Robert Marker to contact the appellee and request that he come to the sheriff's office on November 29, 1980, for questioning about a haystack fire near Waverly. When the appellee arrived at the sheriff's office, Deputy Marker advised him of the nature of the questioning, and then informed him of his rights with regard to custodial interrogation as set out in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Appellee indicated that he understood these rights and agreed to make a statement. After some discussion with Deputy Marker, appellee gave an oral statement, later transcribed, in which he admitted involvement in the Waverly haystack fire, but denied any knowledge of the fire near Alvo. Appellee at that time agreed to submit to a polygraph examination.

On December 1, 1980, appellee took the polygraph

examination. After Deputy Marker advised appellee that the results of the examination showed that his statement had not been truthful, appellee made a second statement to Deputy Marker in which he admitted involvement in the Alvo fire.

Before the appellee gave these statements, Deputy Marker had advised the appellee that if he gave a statement Deputy Marker would inform the county attorney's office that appellee had cooperated by giving a statement. At the suppression hearing, Marker testified that "John was told the same thing that we tell anyone else that comes in. We cannot promise him that he will have a lighter sentence, that anything will happen, that normally when a person cooperates with the court, that the court takes that into consideration." The appellee contends that Marker's references to advising the county attorney's office that appellee cooperated was a direct or implied promise and such an inducement as to make appellee's confession involuntary and therefore inadmissible.

In *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), the U.S. Supreme Court held that, to be admissible, a statement or confession must be free and voluntary. It must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. See, also, *State v. McDonald*, 195 Neb. 625, 240 N.W.2d 8 (1976).

We have held that a confession must be suppressed where a tangible benefit was offered to the defendant in return for an inculpatory statement. For example, in *State v. Smith*, 203 Neb. 64, 277 N.W.2d 441 (1979), a police officer advised the 15-year-old defendant "that if the defendant cooperated with the police he would attempt to have the matter transferred to juvenile court." 203 Neb. at 66, 277 N.W.2d at 443. This court held that such a promise "was an inducement which under the circumstances of this case rendered the statement involuntary. . . .

. . . .

"The offer to try to have the case transferred to juvenile court was an inducement to confess in exchange for leniency. . . . [T]he defendant's statement to the Omaha police was given in the hope of receiving some benefit in return and was inadmissible." 203 Neb. at 66-67, 277 N.W.2d at 443.

Here no such benefit was offered to the appellee in return for making a statement. The fact that the defendant had "cooperated" by giving a statement to the deputy sheriff would be readily apparent to the county attorney. In fact, Deputy Marker affirmatively stated that he could not promise the appellee anything. Deputy Marker's remarks were similar to those made by a police detective in *People v. Higgins*, 50 Ill. 2d 221, 278 N.E.2d 68 (1972), *cert. denied* 409 U.S. 855, 93 S. Ct. 195, 34 L. Ed. 2d 100. In *Higgins*, the defendant and several other persons, including his sister, were arrested as suspects in the shooting death of a woman. In the course of a conversation with a police detective, defendant, in response to a question from the detective, asked: "'If I tell the truth would you let the other people go?' Detective Davis answered that he had no authority to release anyone who was arrested and charged and that only the State's Attorney or judge could do so, but that, if defendant told the truth, the State's Attorney would take this into consideration." 50 Ill. 2d at 223, 278 N.E.2d at 70. The Illinois Supreme Court found that these remarks did not render defendant's subsequent inculpatory statement involuntary.

The remarks of Deputy Marker in the present case require the same result. Marker made no promises, direct or implied, of any tangible benefit to the appellee. His remarks contained no element of impermissible inducement on the part of the State which would render appellee's confession involuntary and therefore inadmissible.

The order of the District Court sustaining the motion

to suppress is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.