STATE OF NEBRASKA, APPELLEE, V. CHARLES E.
MAYHEW, ALSO KNOWN AS CHARLES E. O'KEEFE,
APPELLANT.

346 N.W.2d 236

Filed March 9, 1984.  No. 83-351.

Charles W. Balsiger, for appellant.

Paul L. Douglas, Attorney General, and Patrick T.
O'Brien, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Charles E. Mayhew, also known as
Charles E. O'Keefe (hereinafter Mayhew), appeals
from his conviction for perjury.  The information
filed against Mayhew charged that on August 19,
1982, in a juvenile proceeding entitled "In the Inter-
est of Timothy A. Mayhew," held in the county court
for Gage County, Nebraska, Mayhew did, under oath,
"depose, affirm or declare any matter of fact, know-
ing the same to be false, or deny any matter of fact,
knowing the same to be true," in violation of Neb.
Rev. Stat. § 28-915 (Reissue 1979).  Mayhew pled not
guilty and was convicted after jury trial.

The record herein shows that on April 22, 1982, Eva's Record Shop in Beatrice, Nebraska, was burglarized. Mayhew pled guilty to that burglary sometime before August 19, 1982, which was the date of the hearing before the county court for Gage County in the matter of Timothy Mayhew. On June 10, 1982, Timothy Mayhew, who is related to the defendant herein by marriage, had been charged with violation of his juvenile probation, in that Timothy Mayhew had allegedly burglarized Eva's Record Shop on the same date of April 22, 1982. The August 19 hearing was the hearing on Timothy's alleged violation of his probation.

Timothy's counsel at that hearing called Mayhew as a witness. Under oath, Mayhew testified that Timothy did not participate in the burglary at Eva's. On cross-examination by the county attorney in the Timothy Mayhew matter, Mayhew also testified that he committed the burglary alone, with no help from anyone else, and denied specifically that one Sheila Fentress was involved in the burglary. He further described in detail how he placed the proceeds from the burglary in a duffelbag, which he then carried to a hiding place as he left the scene of the burglary on foot.

Timothy Mayhew was found guilty of violation of his probation at the conclusion of the juvenile hearings.

Shortly after this juvenile hearing, Mayhew was sentenced to 1 year in the Nebraska Penal and Correctional Complex for the burglary of Eva's Record Shop. On October 13, 1982, the county attorney of Gage County went to the penal complex and took a statement from Mayhew. In this recorded statement Mayhew admitted that he had lied to the juvenile court at the August 19 hearing in two general particulars: (1) That he had not committed the burglary alone, but that Sheila Fentress had aided him by acting as a lookout; and (2) That he had lied in describing how he removed the proceeds from Eva's

and how he had departed from those premises, in that he and Sheila had used a car to remove the duffelbag from the premises, rather than Mayhew leaving the premises on foot carrying the duffelbag. In the statement Mayhew continued to insist that Timothy Mayhew had not been involved in the burglary.

On October 14, 1982, a complaint was filed in the county court for Gage County, alleging that Mayhew had committed perjury in the August 19, 1982, juvenile hearing. Preliminary hearing was held and Mayhew was bound over to the district court on the perjury charge. Jury trial was held. At this trial Mayhew's statement of October 13, 1982, was, in large part, admitted in evidence, and Sheila Fentress testified that Mayhew had not burglarized Eva's alone but that she (Sheila) had helped him and that they had used a car during the burglary. There was no evidence adduced on the question of the presence of Timothy Mayhew at the burglary. Mayhew was convicted, and timely appeals to this court.

In this court Mayhew assigns 10 errors. In his brief, however, he discusses only error in connection with the admission of Mayhew's statement of October 13, 1982, taken at the penal complex, and error in denying Mayhew's motion for a directed verdict of acquittal.

The record shows that on October 13, 1982, an officer of the Beatrice Police Department and the county attorney of Gage County went to the penal complex, where Mayhew was incarcerated pursuant to his burglary sentence. The record is clear that the sole purpose of this trip was to obtain a statement from Mayhew to be used in the upcoming charge of perjury against Mayhew. At the penal complex the officer and the attorney met Mayhew.

The officer read Mayhew all his *Miranda* rights, and Mayhew signed a form indicating that he understood all those rights and was willing to make a statement. Mayhew was then informed that the

county attorney intended to file perjury charges against Mayhew in connection with the August 19 hearing. The county attorney read § 28-915 to Mayhew and informed Mayhew of the penalty for that crime. The county attorney then told Mayhew that if Mayhew would give a statement and if Mayhew were later convicted of perjury, the county attorney would recommend that any sentence on the perjury charge should be concurrent with the sentence that Mayhew was then serving for the burglary.

Mayhew filed a motion to suppress his statement of October 13, 1982. At the hearing held on that motion to suppress, the police officer who accompanied the county attorney to the penal complex testified, in part, on cross-examination: "Q. Were any inducements given to the defendant? A. There was. Q. And do you know what the nature of those inducements were? A. Mr. Smith advised him that he would ask the judge to have the sentence, if a sentence were to be imposed, to run concurrently; but it was only — he made Mr. Mayhew understand that it was just a suggestion that he would make."

The recorded statement taken from Mayhew was later typed and introduced as evidence at the hearing on the motion to suppress the statement. Early in that statement, the county attorney asked the following question: "Allright [sic] prior to the tape being turned on today I made a comment to you that if you you [sic] told me the truth regarding this matter that I would ask, I advised you that I would be charging you with perjury but I will be asking the court to run your sentence concurrent with the sentence that your [sic] presently serving, is that correct?" Mayhew responded, "Yes."

The trial court overruled the motion to suppress. This is one of the errors assigned in this court.

At the jury trial the relevant portions of Mayhew's statement or confession were read to the jury, over objection. Much the same evidence was introduced

as to the promises made by the county attorney to Mayhew before Mayhew gave his statement. On the cross-examination of the police officer at the trial, the following questions were asked: "Q. Do you know during that period of time if any inducements were made to the defendant to get the statement? A. I do. Q. Do you feel inducements were made? A. They were. Q. Was that by Mr. Smith [the county attorney]? A. It was."

In this court Mayhew challenges the overruling of his motion to suppress his statement and the admission of the statement as evidence at the trial, on the grounds that the statement was not voluntary in that it was obtained by inducements and promises from the county attorney. We hold that the statement was not voluntary and that the motion to suppress should have been sustained and the statement not submitted to the jury.

The holding that any inducement made by a person in authority to a person charged with a crime to obtain a statement or confession will render that statement or confession not voluntary and therefore inadmissible has been long established in our law. In *Bram v. United States*, 168 U.S. 532, 542-43, 18 S. Ct. 183, 42 L. Ed. 568 (1897), the Supreme Court of the United States quoted with approval from a textbook stating: " 'But a confession, in order to be admissible, must be free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight . . . .' "

The *Bram* case, and its rejection of a statement made by an accused, was explained in *Brady v. United States*, 397 U.S. 742, 754, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970), where the Court stated: "*Bram* dealt with a confession given by a defendant in custody, alone and unrepresented by counsel. In such circumstances, even a mild promise of leniency was deemed sufficient to bar the confession, not because the promise was an illegal act as such, but because

defendants at such times are too sensitive to inducement and the possible impact on them too great to ignore and too difficult to assess.''

In *State v. Smith*, 203 Neb. 64, 66, 277 N.W.2d 441, 443 (1979), we stated: ''Before taking the statement the police officer stated that if the defendant cooperated with the police he would attempt to have the matter transferred to juvenile court. This was an inducement which under the circumstances of this case rendered the statement involuntary.''

In *State v. Smith*, *supra*, the defendant was a 15-year-old boy, in custody, interviewed in a sheriff's office. In the case at bar defendant was a 21-year-old incarcerated in the penal complex and interviewed within that complex. The county attorney's promise to ask for concurrent sentences if Mayhew gave a statement was clearly an inducement for Mayhew to make his incriminating statement. It should be noted that the promise of the attorney was honored. At the time of Mayhew's sentencing, the acting county attorney told the court: ''[Y]our Honor, on October 13, 1982, the County Attorney of Gage County, Mr. Richard Smith visited with the defendant at the penal complex; and at that time, he told the defendant that if the defendant gave him a statement regarding the defendant's involvement in this perjury crime that the county attorney would recommend to the Court a sentence that would run concurrent with the sentence that he was serving at that time. I feel bound, your Honor, as acting county attorney, to make that recommendation. And therefore, on behalf of the State, as acting county attorney for Gage County, I make a recommendation to the Court that the sentence of the defendant run concurrent with the sentence he is now serving.'' The trial court specifically took ''into account the recommendation,'' and sentenced Mayhew to a 1-year term concurrent with Mayhew's sentence for burglary, which Mayhew was then serving. The value of consideration which Mayhew received had

dropped sharply, because at the time of the perjury sentencing he had only 10 days left on his burglary sentence.

We hold that, under all the circumstances present, the county attorney's promise to recommend a concurrent sentence was an improper inducement to Mayhew and rendered Mayhew's statement inadmissible.

Without Mayhew's statement the case against him for perjury rests on the testimony of Sheila Fentress alone. That testimony, supplied by Mayhew's fiance, Sheila, who had had her crime reduced to a misdemeanor, with a promise of probation from the county attorney, was to the effect that Mayhew had lied when he said he committed the burglary alone, because Sheila had aided him by acting as a lookout. No other witness testified as to the fact used to convict Mayhew of perjury—whether Sheila Fentress was present or not—nor in corroboration of that fact.

In the degree of proof necessary to prove the crime of perjury, Nebraska has long adopted the rule set out in *Gandy v. State*, 23 Neb. 436, 450, 36 N.W. 817, 823 (1888), where we stated with regard to the degree of corroboration necessary to prove perjury: " 'If, therefore, the oath of the accused is met by a single oath, the corroborating circumstances ought at least to equal the testimony of a single witness; the lowest quantity of testimony it has been said upon which a human being can be found guilty.'

"This, perhaps, is the better and safer rule. It does not require the testimony of two witnesses to the same fact, but it does require that the proof of the corroborative facts shall be such as to give a clear preponderance of the evidence in favor of the state, and thus, by such preponderance, establish the falsity of the oath, beyond a reasonable doubt. . . . [T]he instruction asked by plaintiff in error should have been given." That instruction is set out at 449, 36 N.W. at 823: " 'The jury are instructed that, in this case, the testimony of a single

witness is not sufficient to negative the alleged false oath charged to have been taken by defendant. There must be either two witnesses to prove such falsity, or one witness testifying to such falsity, with material and independently established corroborative facts sufficient to amount to the testimony of another witness.' ''

The State recognizes this burden in its brief when it states: ''IN NEBRASKA, THE TWO WITNESS RULE IS NOT APPLICABLE. PERJURY MAY BE PROVED UPON THE TESTIMONY OF ONE WITNESS WHICH IS CORROBORATED.

''We believe that the appellant simply misapprehends the effect of the testimony which was received in this case.

''First, the defendant's statement disavowing his testimony under oath was introduced. He admitted he was lying. Secondly, Sheila Fentress, his accomplice and confederate in the burglary, testified that she did help him in the burglary. And thirdly, the county attorney, a police sergeant, and another police officer also testified as to the defendant's statement to them and as to the defendant's reading, correcting, and signing the statement which was introduced.'' Brief for Appellee at 9.

That statement of the case may well have been accurate, if Mayhew's statement or confession were admissible. Since it has been held not admissible, all of the other alleged corroborative testimony falls with it. It is clear that if the statement is inadmissible, testimony from other persons about the statement is equally inadmissible. In this case, then, only one witness, Sheila Fentress, testified as to the defendant's perjury. That is not sufficient evidence, as a matter of law, to convict the defendant. The State did not meet its burden of proof. Defendant's motion for a directed verdict should have been granted and the case dismissed.

In view of this disposition of the case, it is not necessary to determine the other question raised by

Mayhew as to the requirement of materiality of the alleged perjured testimony.

REVERSED AND REMANDED
WITH DIRECTIONS TO DISMISS.