**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Allen POSEY, a/k/a James D. Johnstone, Defendant-Appellant.**

**No. 79–5223.**

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1980.

---

Marc Cooper, Miami, Fla., for defendant-appellant.

Melissa S. Mundell, William H. McAbee, II, Asst. U. S. Attys., Savannah, Ga., for plaintiff-appellee.

Before GODBOLD, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

GODBOLD, Circuit Judge:

This is a companion case to *U. S. v. Edmonds, et al.,* 611 F.2d 1386, decided this same day. Appellant Posey was tried separately from the *Edmonds* defendants and convicted.

For the reasons set out in *Edmonds,* Posey's Fourth Amendment contentions and his challenges to the grand and petit jury selection process are without merit.

The trial court did not err in admitting into evidence an incriminating statement made by Posey on the night of his arrest, which Posey asserts was given during plea bargaining. *See* Fed.R.Evid. 410; Fed.R.Crim.P. 11(e)(6).

Under *U. S. v. Robertson,* 582 F.2d 1356 (5th Cir. 1978) (en banc), we held that a defendant's statement is inadmissible on the ground given during plea bargaining only if he "exhibited an actual subjective expectation to negotiate a plea at the time of the discussion" and the "expectation was reasonable given the totality of objective circumstances." *Id.* at 1366 (citations omitted). After being fully advised of his *Miranda* rights Posey told Rayner he would like to "cut a deal," to "make some kind of negotiated settlement" with the district court. Rayner told Posey that the only thing he could promise him was that he would bring his cooperation to the attention of the United States Attorney's office and of the court. Assuming but without deciding that Posey exhibited sufficient subjective expectation to negotiate a plea to meet the first prong of *Robertson,* he did not meet the second prong. Rayner's statement that he would bring Posey's cooperation to the attention of the prosecutor and the court did not give Posey a reasonable

expectation that he was negotiating a bargain. Rather it is the antithesis of a bargained plea.

 The trial court admitted testimony that on his way to jail Posey offered a county sheriff $100,000 to let him out of the car. This attempt to bribe a government official in order to escape shortly after arrest was clearly admissible as evidence of guilt. Fed.R.Evid. 404(b); *U. S. v. Picarelli*, 148 F.2d 997, 998 (2d Cir.), *cert. denied*, 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 427 (1945); *cf. U. S. v. Veltre*, 591 F.2d 347, 350 (5th Cir. 1979); *U. S. v. Ballard*, 423 F.2d 127, 133 (5th Cir. 1970) (evidence of actual escape).

AFFIRMED.