**UNITED STATES of America**

v.

**Patrick Loren BEVEL.**

**Crim. No. CR–82–229–A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 28, 1983.

Richard Dean, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Jay L. Strongwater, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

O'KELLEY, District Judge.

Defendant and Emmett Alan Nethery were indicted as co-defendants for the crime of theft of a 1974 AMC jeep in violation of 18 U.S.C. § 641.[1] On January 10,

---

1. This statute provides in pertinent part:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any

1983, Nethery entered a guilty plea before the magistrate.[2] During the arraignment the United States Attorney stipulated that the value of the jeep, the only property allegedly stolen, was less than $100.00. After finding a factual basis for accepting Nethery's plea of guilty to conversion of government property valued less than $100.00, the magistrate sentenced Nethery.

In this criminal action the defendant was indicted on three counts. The first count charged defendant with committing the crime of stealing government property valued in excess of $100.00. *See* 18 U.S.C. § 641. Prior to trial, defendant's attorney moved to dismiss this count based on the doctrine of collateral estoppel.

■ Traditionally applied in civil cases, the doctrine of collateral estoppel precludes litigation of an issue previously litigated if the issue in the subsequent proceeding is identical to the one contained in the prior action, the issue was actually litigated, and the determination of the issue was necessary in the prior action. *Williams v. Bennett,* 689 F.2d 1370, 1381 (11th Cir.1982); *Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir.1981). In a landmark decision, the Supreme Court of the United States sanctioned the use of collateral estoppel in criminal cases. *See Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). Holding that collateral estoppel is embodied in the fifth amendment protection against double jeopardy, the Court determined that relitigation of an issue on which the same defendant was acquitted was fundamentally unfair and violated the protection against multiple prosecutions for the same offense. *Id.* at 446, 90 S.Ct. at 1195.

■ Writing for the majority in *Ashe,* Justice Stewart explained the doctrine's purpose in criminal cases as follows: "When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated by the same parties in any future lawsuit." *Id.* at 443, 90 S.Ct. at 1194. Furthermore, "the rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality." *Id.* at 444, 90 S.Ct. at 1194.

■ Of course, the applicability of collateral estoppel depends on the facts and circumstances of each case. *Id.; United States v. Griggs,* 651 F.2d 396, 399 (5th Cir.1981) (Unit B). In analyzing a claim of collateral estoppel, the court first must determine what facts were decided in the first lawsuit and whether the prosecutor in a second trial has attempted to relitigate those facts. *United States v. Henry,* 661 F.2d 894, 897 (5th Cir.1981) (Unit B); *United States v. Griggs,* 651 F.2d 396, 399 (5th Cir.1981); *United States v. Mock,* 604 F.2d 341, 343 (5th Cir.1979).

■ In the instant case, defendant's attorney seeks to invoke the doctrine because the issue of the value of the converted jeep was purportedly litigated during the arraignment of Nethery. Therefore, this assertion is a nonmutual use of collateral estoppel. At common law, mutuality of the parties was a prerequisite to the application of the doctrine of collateral estoppel. *Standefer v. United States,* 447 U.S. 10, 21 & n. 15, 100 S.Ct. 1999, 2006 & n. 15, 64 L.Ed.2d 689 (1980); *see Bigelow v. Old Dominion Copper Mining and Smelting Co.,* 225 U.S.

department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not

more than $1000 or imprisoned not more than one year, or both.

2. Nethery and defendant were indicted as co-defendants under the felony provisions of section 641. When confronted with an approaching trial calendar, Nethery and the assistant United States attorney entered into a plea bargaining agreement in which Nethery agreed to plead guilty to the misdemeanor portion of section 641.

111, 127, 32 S.Ct. 641, 642, 56 L.Ed. 1009 (1912) ("It is a principle of general elementary law that estoppel of a judgment must be mutual."). Recently, however, courts have permitted nonmutual collateral estoppel in civil actions when the judicial economy would be promoted and private resources would be conserved without unfairness to the litigant against whom estoppel was invoked. *See Allen v. McCurry,* 449 U.S. 90, 105, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980) (permitting collateral estoppel in 42 U.S.C. § 1983 actions); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 337, 99 S.Ct. 645, 654, 58 L.Ed.2d 552 (1979) (upholding offensive use of nonmutual collateral estoppel); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 350, 91 S.Ct. 1434, 1453–54, 28 L.Ed.2d 788 (1971) (patent infringement action).

The Supreme Court has repeatedly emphasized that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case. *See Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). *See also Williams v. Bennett,* 689 F.2d 1370, 1382 (11th Cir.1982). In accordance with that view, the Supreme Court in *Standefer v. United States,* 447 U.S. 10, 23, 100 S.Ct. 1999, 2007, 64 L.Ed.2d 689 (1980) rejected the applicability of nonmutual collateral estoppel to criminal cases. Specifically, the court held that the prior acquittal of one party could not be invoked to bar the government's subsequent relitigation of that party's criminal conduct as an element in the prosecution of a second defendant. *Id.* at 24, 100 S.Ct. at 2008. *See also United States v. Espinosa-Cerpa,* 630 F.2d 328, 331 (5th Cir.1980) (collateral estoppel is not available to defendant charged with conspiracy when his co-conspirators were acquitted of same charges in earlier trials); *United States v. Peltier,* 585 F.2d 314, 335 (8th Cir.1978) (co-defendant could not invoke collateral estoppel when he was not a party to the prior proceeding); *United States v. Musgrave,* 483 F.2d 327, 332 (5th Cir.1973) (a judgment in a criminal case operates as res judicata in a second criminal case only when the parties are identical).

■ Although *Standefer* dealt with the use of collateral estoppel when a co-conspirator previously had been acquitted, its reasoning logically should be applied to the issue at bar. The role of the prosecutor in both situations is similar in some respects. If a co-conspirator is acquitted, the government is prohibited from subsequently relitigating the issues presented at trial or appealing the acquittal based on the weight of the evidence. *See United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). Similarly, when the government enters into a plea bargaining agreement and the court accepts the accused's guilty plea to a lesser offense, the prosecutor is precluded from changing its position to prosecute the defendant for the greater offense. *See United States v. Sanchez,* 609 F.2d 761, 762 (5th Cir.1980). Yet, unlike an acquittal, a plea bargain is by nature a settlement between the parties in a criminal action. Generally, the prosecutor agrees not to prosecute the defendant on the crime for which he is indicted in exchange for the defendant's guilty plea to a lesser included offense. Certainly, the fact that the government enters into a plea bargain with one co-defendant does not establish that the defendants did not commit the greater offense. Accordingly, the government in a plea bargaining situation is without the kind of "full and fair opportunity to litigate" that is a prerequisite of estoppel. *See Standefer v. United States,* 447 U.S. at 22, 100 S.Ct. at 2007.

■ Since defendant was not a party to the plea bargaining agreement between Nethery and the United States, this court must deny defendant's motion to dismiss count one of the indictment. *See Standefer v. United States,* 447 U.S. 10, 23, 100 S.Ct. 1999, 2007, 64 L.Ed.2d 689 (1980). To give preclusive effect in this action to the facts stipulated in Nethery's plea agreement would greatly undermine the use of plea

bargaining when more than one defendant has been indicted for the same offense.

For the above stated reasons, the court denied defendant's motion to dismiss count one of the indictment.