■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERTO LOPEZ, Respondent. — Order of the Supreme Court, New York County (Berkman, J.), entered on April 16, 1982, which granted defendant's motion to suppress physical evidence and oral statements, unanimously reversed, on the law and the facts, and the motion denied. On January 27, 1982 at approximately 10:00 P.M., a female police officer, in the course of routine radio motor patrol with another police officer and a detective, first observed defendant Lopez running with what appeared to her to be a woman's pocketbook and continually looking back in the direction from whence he came. Unaware of the officers' presence, defendant darted into the street and crouched behind a parked car, looking about over his shoulder. The officers watched defendant for about 30 seconds then proceeded to investigate. The car siren was sounded, defendant stood up, saw the officers, and began to walk briskly in the opposite direction. Upon police instruction to stop, however, defendant merely increased his pace. When defendant was finally apprehended, both he and the police officer fell to the icy sidewalk and, upon impact, hypodermic needles spilled from the bag which defendant was carrying. Defendant then said he had a gun, which was seized by the police officer, and defendant was placed under arrest. The issue on appeal is whether the defendant's conduct created a reasonable suspicion of criminal activity, sanctioning his temporary detention. The People, appealing from the order which suppressed the gun found in defendant's possession and his statements made at the time of arrest, argue that the police officers acted

with reasonable suspicion that criminal activity was afoot, justifying temporary detention. The defendant, relying on *People v Howard* (50 NY2d 583), contends that the police officers had no more than a sufficient basis for inquiry and that his detention was unlawful and, consequently, the gun and statements were properly excluded. A police officer, in the absence of any concrete indication of criminality, may approach a private citizen on the street for the purpose of requesting information. (*People v De Bour*, 40 NY2d 210, 218.) To justify a detention, however, a police officer must entertain "a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor" (p 223). The detention of defendant here was properly founded upon reasonable suspicion. Concur — Kupferman, J. P., Sullivan, Ross, Silverman and Alexander, JJ.