■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant.—Judgment, Supreme Court, New York County (Edith Miller, J.), rendered March 28, 1985, which convicted defendant, following a jury trial, of robbery in the first degree (Penal Law § 160.15 [3]) and three counts of robbery in the second degree (Penal Law § 160.10), unanimously affirmed.

On this appeal defendant argues that the police had no probable cause to arrest him, that his identification by the complainants should have been suppressed as "fruit of the poisonous tree" resulting from the unlawful arrest, that a showup identification was unduly suggestive and that his statements were involuntarily made. He also argues that the Trial Judge should have made findings of fact.

The trial court failed in its statutory duty to make the findings of fact required by CPL 710.60 (4). Nevertheless, on this record, we are able to make the findings. *(People v Acosta,* 74 AD2d 640 [2d Dept 1980]; *People v Crowley,* 98 AD2d 628 [1st Dept 1983].)

At the combination *Mapp-Huntley-Wade* hearing held on March 4, 1985, Police Officer Roe testified that he and two partners were on duty on routine patrol in plain clothes in an unmarked car, a taxicab. They stopped at a light on the

corner of 48th Street and Ninth Avenue. Officer Roe saw defendant and another man running north on Ninth Avenue, then east on 48th Street. The witness observed that the defendant was holding two cameras. The men were looking over their shoulders as they ran. The police followed the men. Defendant turned around and began walking westbound while the defendant's companion continued running eastbound. Defendant also put down the cameras. As two of the officers stopped defendant, Officer Roe called in a request for any reports on crimes committed recently in the area. He learned that a foot-patrol officer was at 47th Street and Ninth Avenue with two complainants whose two cameras had just been stolen. Defendant was handcuffed and placed in the back seat of the car. The cameras were placed in the front seat. Defendant was taken to 47th Street and Ninth Avenue where each of the complainants identified defendant as he sat in the unmarked car.

At the station house the police read defendant his rights and defendant agreed to answer questions without an attorney. Upon learning that defendant was wanted for a burglary in Queens County, a police officer told defendant that if defendant cooperated, he would inform the District Attorney of his cooperation and, as a result, the District Attorney could probably recommend that the sentences run concurrently. At that point defendant admitted taking part in the robbery, writing out a statement to that effect.

Although an individual cannot be arrested absent probable cause *(People v Howard,* 50 NY2d 583 [1980]), an investigative stop by a police officer is lawful if based upon a reasonable suspicion of criminal activity, i.e., " ' "specific and articulable facts which, taken together with rational inferences drawn from those facts, reasonably warrant [the] intrusion" ' " *(People v Hicks,* 68 NY2d 234, 238 [1986]). The "furtive" behavior of defendant, e.g., his running while looking over his shoulder, the abandonment of the cameras when he observed the police, and his attempt to walk off in the opposite direction, did create a reasonable suspicion that he had committed a crime, and under such conditions the police were justified in stopping and detaining defendant. *(People v Lopez,* 94 AD2d 627 [1st Dept 1983].)* The detention itself was brief and similar to one upheld in *People v Hicks* (68 NY2d 234, *supra).* There, the Court of Appeals noted with approval guidelines set forth by the United States Supreme Court in *United States v Sharpe* (470 US 675, 682-686) concerning the detention without arrest of a defendant to further an investigation: "first, the action

must be reasonably related in scope to the circumstances justifying the interference in the first place. Second, in evaluating whether an investigative detention is unreasonable, common sense and ordinary human experience must govern over rigid criteria. Third, in this examination it is appropriate to consider that the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant. Finally, ' "[a] court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing." ' " *(People v Hicks, supra,* at 241-242.)*

The brief detention of defendant prior to the radio message met the above criteria. Officer Roe testified that defendant was not handcuffed until after the robbery report was received, at which time the officer's suspicion was strengthened.

Defendant claimed the showup was unduly suggestive because he was handcuffed and the cameras could be observed by the complainants during the identification procedure. No testimony was given at the suppression hearing that the complainants were told a suspect had been found. Even though one complainant acknowledged at trial that he had been informed that the police had someone who had his camera, the propriety of the court's determination "must be judged on the evidence before the suppression court" *(People v Gonzalez,* 55 NY2d 720, 722 [1981]). Neither complainant testified that he observed the cameras or that defendant was handcuffed, and no testimony conclusively established that the cameras were visible to them. Further, it should be noted that the identification procedure took a short period of time.

Defendant's third argument, that the statement made at the station house was involuntary because it was made in response to a promise of leniency, is meritless. The statements of the questioning officer did not constitute a promise. He merely said that he would be willing to talk to the District Attorney and inform him of defendant's willingness to cooperate.

Accordingly, we affirm the judgment. Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Smith, JJ.