603 A.2d 1028

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kevin PURNELL, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 1, 1991.

Filed Jan. 31, 1992.

Reargument Denied April 2, 1992.

Stuart B. Suss, Asst. Dist. Atty., West Chester, for Com., appellant.

Kathleen J. Boyer, Asst. Public Defender, West Chester, for appellee.

Before McEWEN, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

■ This is an appeal by the Commonwealth from the order of the Court of Common Pleas of Chester County which suppressed the oral statements given by appellant to the police after his arrest. Since the Commonwealth has certified that the suppression order in question substantially handicaps the prosecution of appellant on the charges of possession with intent to deliver a controlled substance, possession of a controlled substance and possession of drug paraphernalia, this appeal is properly before us. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985). After a thorough review of the record and applicable legal authority, we find that the lower court erred in suppressing appellant's statements. Therefore, we reverse the suppression order and remand this case for trial.

At the suppression hearing held on April 4, 1991, the hearing court made the following findings of fact and conclusions of law:

THE COURT: Very well. Pursuant to Rule 323, Subsection i of the Pennsylvania Rules of Criminal Procedure, I must make the following findings of facts and conclusions of law:

Number one: On July 6, 1990, while working the 2:00 p.m. to 10:00 p.m. shift for the Borough of West Chester Police Department, Officer Louis John DeShullo received a call from one Officer McGinnis indicating that he had observed Kevin Purnell place a plastic package between the trashcan and the wall on Matlack Street near Miner.

Number two: At approximately 5:23 p.m. Officer DeShullo went to the area, did locate a plastic packet, and walked around to Miner Street and did observe the defendant and took him into custody.

Number three: The package had been field tested by Officer DeShullo and proved positive for cocaine. Prior to taking defendant into custody Officer DeShullo also knew this defendant, and he was approximately 40 feet away from the package that was located by Officer DeShullo.

Number four: Defendant was taken to the West Chester Police Department where he was taken to the squad room, the processing area, and then subsequently to an interview room, and he was interviewed by Officer DeShullo.

Number five: Defendant was read his Miranda rights, and he responded yes to each of the rights, and also indicated that he would answer any further questions, and did sign and date and time the Miranda card.

Number six: Pursuant to questions, defendant responded to questioning by Officer DeShullo.

Number seven: At some time during the questioning process the defendant questioned Officer DeShullo in reference to issues dealing with bail, and at some time during this questioning process the officer indicated that he would inform the judge that defendant was cooperative.

Conclusions of law:

Number one: The officer had sufficient probable cause to take the defendant into custody based on their observations and their close proximity of defendant to the package.

Number two: Defendant was properly advised of his Miranda warnings while at the police station, and at that time voluntarily consented to question—to answer and respond to questions presented by the officer.

Number three: There is insufficient evidence on this record to indicate that this statement that was taken was not infected by a question of the defendant in reference to the issue of bail; and the statement of the officer indicating that he would inform the judge that he was cooperative effectively eliminates the voluntariness of the statement.

There is insufficient evidence on this record to negate that, and the Commonwealth has the burden of proof in a suppression hearing, preponderance of the evidence, and Officer DeShullo indicates that he doesn't remember when, and based on that statement, this court cannot allow the statement to come in.

And in reference to the statements given by the defendant at the police station, they are suppressed, the statements only.

The substance that was seized was properly seized and is admissible for purposes of trial.

N.T., 4/9/91, pp. 25–28.

Officer DeShullo summarized the suppressed statement as follows: "He just basically stated that the drugs did not belong to him that were found between the trash can and 146 East Miner Street, and that he didn't want to tell me whose drugs they were, but that he was going to sell the drugs to get some money because he did not get paid [until] the following week." N.T., 4/4/91, p. 13. Officer DeShullo also testified that appellee admitted to possessing the drugs. N.T., 4/4/91, p. 13.

In this appeal, the Commonwealth contends that appellee's statements were voluntary and obtained in a constitu-

tionally permissible manner. Although the hearing court did not cite any legal authority for its decision to suppress appellant's statement, we point to the reasoning first announced in *Bram v. U.S.*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897), wherein the United States Supreme Court stated: "[A] confession, in order to be admissible, must be free and voluntary: that is, must not be extracted by any sort of threats of violence, nor obtained by any direct or implied promises, however slight, nor by exertion of any improper influence ..." See also *U.S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *U.S. v. Sibley*, 535 F.Supp. 208 (E.D.Pa.), aff'd 692 F.2d 750 (3d Cir., 1982). Apparently, the lower court felt that Officer DeShullo's promise to bring appellee's cooperation to the attention of the magistrate at his arraignment impermissibly induced appellee's statements, thus, rendering them involuntary. However, upon review of the record, we disagree with the decision of the court below.[1]

■ The record is clear that Officer DeShullo's comment was not a promise of benefits or special consideration designed to mislead or induce appellee into confessing. This was not an inducement since no causal connection between the promise and the confession has been shown or could be inferred from the record. Officer DeShullo never told appellee that in exchange for his confession, he would

1. Both the Commonwealth and appellee seem to agree that the decision below was based, at least in part, on the recent case of *Commonwealth v. Gibbs*, 520 Pa. 151, 553 A.2d 409, *cert. denied,* 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 369 (1989). In *Gibbs,* our Supreme Court stated, "In our decision today, we decide only that the authorities are not permitted to employ inducements which impair in any way a suspect's right to his own unfettered evaluation of the need for legal counsel." *Gibbs,* 520 Pa. at ——, 553 A.2d at 411. The lower court appears to have felt that Officer DeShullo's statement was the same type of impermissible inducement as that found in *Gibbs, supra.* However, *Gibbs, supra,* is inapposite presently as it relates *only* to those situations when the police prompt an admission by suggesting a benefit if the suspect foregoes his request for representation. Instantly, appellee never requested counsel, and the officer's promise to tell the magistrate that appellee was cooperative did not impermissibly interfere with appellee's right to request legal representation. In fact, the promise did not induce appellant's cooperation.

inform the magistrate of his cooperation. Rather, in response to appellee's questions about securing bail, the officer explained the arraignment procedure and simply stated he "would tell the judge that [appellee was] cooperative." N.T., 4/4/91, p. 23. Significantly, the record is clear that appellee had already given his statement to Officer DeShullo prior to his questioning about the possibility of bail. N.T., 4/4/91, pp. 19–20, 23. Therefore, the officer's promise to inform the magistrate of appellee's cooperation clearly could not have induced appellee's statement. Cf., *U.S. v. Fraction, infra,* 795 F.2d 12, 15 (3d Cir., 1986) (Third Circuit found no causal connection between FBI agent's promise to bring cooperation to the authorities' attention and suspect's decision to confess).

The present case is factually similar to that of *United States v. Fraction,* 795 F.2d 12 (3d Cir., 1986). Therein, a bank robbery suspect, after receiving his *Miranda* warnings, questioned the investigating FBI agent what he would receive in return for his cooperation. In response, the officer told the suspect that he "would not be able to promise him anything in terms of help other than to notify the U.S. Attorney and a sentencing judge that he had cooperated in the matter." The district court, relying on *Bram v. U.S., supra,* granted Fraction's suppression motion on the grounds that Fraction's confession was involuntary due to the coercive effect of the agent's promise. However, the Third Circuit reversed since the circuit courts of appeal have *uniformly rejected* the contention that a promise to bring a suspect's cooperation to the attention of the authorities suffices to render a confession involuntary. See e.g., *U.S. v. Fera,* 616 F.2d 590 (1st Cir., 1980); *U.S. v. Cone,* 354 F.2d 119 (2d Cir., 1965); *U.S. v. Hart,* 619 F.2d 325 (4th Cir., 1980); *U.S. v. Posey,* 611 F.2d 1389 (5th Cir., 1980); *U.S. v. Springer,* 460 F.2d 1344 (7th Cir., 1972); *U.S. v. Glasgow,* 451 F.2d 557 (9th Cir., 1971).

Further, many states also agree that a promise to bring a suspect's cooperation to the attention of the authorities (when accompanied by no other coercive tactics) does not

render his confession involuntary. See *Layne v. State*, 542 So.2d 237 (Miss., 1989); *Rowland v. State*, 460 So.2d 282 (Ala.Crim.App., 1984); *Plant v. State*, 724 P.2d 536 (Alaska App., 1986); *Beasley v. U.S.*, 512 A.2d 1007 (D.C.App., 1986); *Baynard v. State*, 518 A.2d 682 (Del., 1986); *State v. Whitsel*, 339 N.W.2d 149 (Iowa, 1983); *State v. Vernon*, 385 So.2d 200 (La., 1980); *State v. Muenchau*, 209 Neb. 552, 308 N.W.2d 824 (1981); *State v. Tindle*, 104 N.M. 195, 718 P.2d 705 (1986); *People v. Martinez*, 133 A.D.2d 572, 520 N.Y.S.2d 1 (1987); *State v. Richardson*, 316 N.C. 594, 342 S.E.2d 823 (1986); *State v. Adkison*, 175 W.Va. 706, 338 S.E.2d 185 (1985).

Presently, we follow the lead of the Federal judiciary and our sister states and hold that under the facts *sub judice*, Officer DeShullo's promise to inform the authorities of appellee's cooperation was insufficient to render appellee's confession involuntary. Thus, the lower court erred in suppressing appellee's statements.

Suppression order reversed. Case remanded for trial. Jurisdiction relinquished.

McEWEN, J., files a concurring and dissenting statement.

McEWEN, Judge, concurring and dissenting:

While the majority provides an insightful and persuasive expression of view, I must decline the invitation to "follow the lead of the federal judiciary", however presumptively enlightened, since the Supreme Court of this Commonwealth has already implicitly declined to do so.

The principal pillar of the majority rationale is the federal decision in *United States v. Fraction*, 795 F.2d 12 (3rd Cir.1986). When the Pennsylvania Supreme Court considered the case of *Commonwealth v. Gibbs*, 520 Pa. 151, 553 A.2d 409, *cert. denied*, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 369 (1989), it was undoubtedly aware that the United States Third Circuit Court of Appeals had three years earlier decided *Fraction, supra*. Since I am of a mind that the expression of the majority of the Pennsylva-

nia Supreme Court in *Gibbs, supra,* is not reconcilable with the *Fraction* ruling, I am compelled to this statement.

Since my colleagues of the majority are held in such esteem for their wisdom, I expect my differing view can be but a whisper in the wind and thus I rush to join them in the result by reason of my view that the facts as found by the distinguished Judge James Curtis Joyner reveal that appellant waived his *Miranda* rights and provided the inculpatory statement *prior* to the inducements of the police officer. *See and compare: Commonwealth v. Friedman,* 411 Pa.Super. 628, ——, 602 A.2d 371, 378 (1992).